IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN C. ASHBAUGH,

    Plaintiff,

3:17-CV-1038-PK

OPINION AND ORDER

v.

YAMHILL COUNTY DISTRICT ATTORNEY'S
OFFIC, and YAMHILL COUNTY JAIL,

    Defendants.

PAPAK, Magistrate Judge:

    Plaintiff Brian Cody Ashbaugh, at that time acting *pro se*, filed an action (the "16-2332 action") *in forma pauperis* in this court against defendants the McMinnville Police Department (the "MPD"), the Yamhill County District Attorney's Office (the "YCDAO"), the Yamhill County Circuit Court (the "YCCC"), and the Yamhill County Jail (the "YCJ") on December 16, 2016. Effective April 18, 2017, having determined that Ashbaugh would benefit from court-appointed *pro bono* counsel, I made the first of several attempts to appoint counsel to represent

Page 1 - OPINION AND ORDER

Ashbaugh in connection with his claims against the defendants in that action. Ultimately, on May 11, 2017, Matthew N. Miller accepted the appointment to represent Ashbaugh.

On June 13, 2017, Ashbaugh, acting through Miller as his legal representative, moved to sever those of his claims in connection with which Miller was willing and able to represent him from those of his claims in connection with which Miller was either unwilling or unable to represent him, and for leave of court to amend his pleading in this action to restate only those claims in connection with which he intended to proceed on a *pro se* basis (with the understanding that Ashbaugh, by and through Miller as his legal representative, would file a new action in connection with which he would allege only those claims in connection with which Miller was willing and able to represent him). On June 19, 2017, I granted Ashbaugh's motion to sever and motion for leave to amend.

On June 30, 2017, by and through Miller as his legal representative, Ashbaugh filed this action, alleging the liability of the YCDAO and the YCJ in connection with the claims severed from the 16-2332 action. Specifically, Ashbaugh herein alleges the liability of the YCDAO and the YCJ under 42 U.S.C. § 1983 for the violation of his Fourth Amendment right to freedom from unreasonable seizure and for the violation of his Fourteenth Amendment right to procedural due process in connection with Ashbaugh's detention in the YCJ without arraignment from May 7 to 27, 2015.

Effective July 27, 2017, Ashbaugh filed an amended complaint in the 16-2332 action, apparently alleging (i) the liability of the MPD, possibly under Oregon common law, for false arrest and/or wrongful imprisonment, abuse of process, defamation, and discrimination, and perhaps additionally under Section 1983 for violation of his Fourth Amendment right to freedom

from unreasonable seizure and/or his Fourteenth Amendment right to procedural due process, and perhaps additionally for violation of the Freedom of Information Act, and (ii) the liability of the YCDAO, YCCC, and YCJ under Section 1983 for violation of his Fourth Amendment right to freedom from unreasonable seizure, his Fourteenth Amendment right to procedural due process, and his Seventh Amendment right to trial, and under Oregon common law for defamation, "simulation of legal process," and "forced homelessness." It appears possible that Ashbaugh's claims against the YCDAO, YCCC, and the YCJ in the 16-2332 action, including his Fourth and Fourteenth Amendment claims, may (like the claims at issue in this action) arise in part out of his detention in the YCJ without arraignment from May 7 to 27, 2015.

Now before the court is the YCDAO's motion (#24) to dismiss Ashbaugh's claims against it in this action on the sole asserted ground that the 16-2332 action remains pending, was earlier filed, and arises out of some of the same alleged conduct. I heard oral argument on behalf of the parties in connection with the YCDAO's motion to dismiss on November 28, 2017.[1] At oral argument, the parties agreed that it would be appropriate for Ashbaugh to amend his pleading in the 16-2332 action a second time, in material part to clarify that he alleges no claim therein that is also alleged in connection with this action. Counsel for the YCDAO expressly agreed at oral argument that the contemplated amendment of Ashbaugh's pleading in the 16-2332 action would satisfy the YCDAO's concerns regarding the apparent overlap between the claims pending in the two actions. In light of my direction that Ashbaugh amend his pleading as described above, I construe the YCDAO's express stipulation as a voluntary withdrawal of its motion to dismiss.

---

[1] Ashbaugh was represented at oral argument by Miller, and additionally appeared and spoke on his own behalf. The YCDAO, the YCCC, the YCJ and the MPD appeared through their respective counsel.

Page 3 - OPINION AND ORDER

On that construction, the pending motion (#24) to dismiss is deemed withdrawn with leave to refile in the event that Ashbaugh fails to amend his pleading in the 16-2332 action as discussed above by December 13, 2017.

## CONCLUSION

For the reasons set forth above, the YCDAO's motion (#24) to dismiss is deemed voluntarily withdrawn, with leave to refile as discussed above

Dated this 29th day of November, 2017.

Honorable Paul Papak
United States Magistrate Judge